UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE DEL-ORDEN, on behalf of himself and : Case No.: 1:16-cv-02392-JGK
All others similarly situated, :
 :
             Plaintiff, :
 :
  - against - :
 :
P.F. CHANG'S CHINA BISTRO, INC., :
 :
            Defendants. :
------------------------------------------------------------X

## DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant P.F. Chang's China Bistro, Inc., ("Defendant"), by and through its counsel, hereby files its Answer, Defenses, and Affirmative Defenses responding, by corresponding numbers, to each of the numbered paragraphs of the Complaint filed by Plaintiff Jose Del-Orden ("Plaintiff").

### INTRODUCTION

1. Defendant admits that Plaintiff purports to bring an action against Defendant relating to Defendant's website, http://www.pfchangs.com ("the website"). Defendant denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff purports to bring an action against Defendant alleging accessibility issues relating to the website. Defendant denies that it has violated any accessibility laws or committed any civil rights violations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint, and therefore denies those allegations.

3. Defendant denies the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant admits that some individuals with visual impairments have no vision and some have limited vision. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint, and therefore denies those allegations.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies those allegations. To the extent Plaintiff is relying upon statistical information from the sources cited, those sources speak for themselves.

6. Defendant admits that individuals with visual impairments may enjoy online shopping like individuals without visual impairments. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

9. The allegations set forth in Paragraph 9 of the Complaint consist of legal conclusions necessitating no response from the pleader.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's intentions in Paragraph 10 of the Complaint, and therefore denies those allegations. Defendant denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff purports to seek remedies identified in Paragraph 11 of the Complaint. However, Defendant denies that it has violated any federal or state law protecting the rights of the disabled. Defendant further denies the remaining allegations set forth in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.     Defendant admits that this Court has subject matter jurisdiction over this action under the ADA. Defendant denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13.     The allegations set forth in Paragraph 13 of the Complaint consist of legal conclusions necessitating no response from the pleader.

14.     Defendant admits that venue is proper in the Southern District of New York pursuant to 28 U.S. C. Section 1391. Defendant denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15.     Defendant admits that it does business in New York and that at least one of its restaurants is located in the Southern District of New York. Plaintiff's allegations about personal jurisdiction consist of legal conclusions necessitating no response from the pleader. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations about his attempt to browse the menu and purchase an entrée on the website, and therefore denies those allegations. Defendant denies the remaining allegations of Paragraph 15, and denies that it committed any acts or omissions giving rise to Plaintiff's claims.

## PARTIES

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies those allegations.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations about his physical condition or his attempt to browse the menu and purchase an entrée on the website, and therefore denies those allegations. Defendant denies the remaining allegations of Paragraph 17.

18.     Defendant admits that it is a corporation organized under the laws of Delaware, and that its principal executive office is located at 7676 E. Pinnacle Peak Road, Scottsdale, Arizona, 85255.

19.     Defendant admits that it has restaurants in New York State, that these restaurants provide food, and that it owns the website, pfchangs.com. Defendant denies that Plaintiff has been deterred from accessing the website. The remaining allegations of Paragraph 19 consist of legal conclusions necessitating no response from the pleader.

20.     Defendant denies the allegations of Paragraph 20 of the Complaint.

## CLASS ACTION ALLEGATIONS

21.     Defendant admits that Plaintiff purports to seek certification of the class as stated, but denies that he has any legal basis for doing so. Defendant denies that any class as defined in the Complaint exists or is properly constituted.

22.     Defendant admits that Plaintiff purports to seek certification of the New York subclass as stated, but denies that he has any legal basis for so doing. Defendant denies that any class as defined in the Complaint exists or is properly constituted.

23.     Defendant denies that any class as defined in the Complaint exists, that it is properly constituted, or that any such class would satisfy the numerosity requirements needed for any class. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint, and therefore denies those allegations.

24.     Defendant denies the allegations of Paragraph 24 of the Complaint.

25.     Defendant denies the allegations of Paragraph 25 of the Complaint.

26.     Defendant denies the allegations of Paragraph 26 of the Complaint.

27.     Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies that any class as defined in the Complaint exists or is properly constituted.

## FACTUAL ALLEGATIONS

31. Defendant admits that it has P.F. Chang's Restaurants, which serve Asian food in restaurants in multiple states. Defendant denies the remaining allegations of Paragraph 31 of the Complaint.

32. The allegations of Paragraph 32 consist of legal conclusions necessitating no response from the pleader.

33. Defendant admits that the website allows the user to browse the menu, order items for pick up, sign up for a P.F. Chang's Preferred card, view nutrition information, and find restaurant locations among other functions. Defendant denies the remaining allegations of Paragraph 33 of the Complaint.

34. Defendant admits the allegations of Paragraph 34(a), (c) & (d) of the Complaint. Defendant denies the remaining allegations of Paragraph 34 of the Complaint.

35. Defendant denies the allegations of Paragraph 35 of the Complaint.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

37. Defendant admits the allegations of Paragraph 37 of the Complaint.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore denies those allegations.

39. Defendant admits that the Web Accessibility Initiative has developed recommendations for improving website accessibility, that the federal government has

developed website accessibility standards under Section 508 of the Rehabilitation Act that apply to the federal government and federal contractors, that these are available on the Internet, and that the guidelines contain recommended steps for website programming to improve accessibility. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Complaint, and therefore denies those allegations.

40. Defendant denies the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

50. Defendant denies the allegations of Paragraph 50 of the Complaint.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

**FIRST CAUSE OF ACTION**
(Violation of 42 U.S.C. §§ *et seq.*—Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff and the Class)

54. Defendant incorporates its other responses to the corresponding allegations.

55. The allegations of Paragraph 55 consist of legal conclusions necessitating no response from the pleader.

56. The allegations of Paragraph 56 consist of legal conclusions necessitating no response from the pleader.

57. The allegations of Paragraph 57 consist of legal conclusions necessitating no response from the pleader.

58. The allegations of Paragraph 58 consist of legal conclusions necessitating no response from the pleader.

59. The allegations of Paragraph 59 consist of legal conclusions necessitating no response from the pleader.

60. The allegations of Paragraph 60 consist of legal conclusions necessitating no response from the pleader..

61. The allegations of Paragraph 61 consist of legal conclusions necessitating no response from the pleader.

62. Defendant denies the allegations of Paragraph 62 of the Complaint.

63. Defendant denies the allegations of Paragraph 63 of the Complaint.

64. Defendant denies the allegations of Paragraph 64 of the Complaint.

65. Defendant denies the allegations of Paragraph 65 of the Complaint.

66. Defendant denies the allegations of Paragraph 66 of the Complaint.

67. Defendant denies the allegations of Paragraph 67 of the Complaint.

68. Defendant denies the allegations of Paragraph 68 of the Complaint.

69. Defendant admits that Plaintiff seeks the relief set forth in the Complaint, but denies that Plaintiff is entitled to the relief requested or any relief from Defendant whatsoever.

## SECOND CAUSE OF ACTION
(Violation of New York State Human Rights Law, N.Y. Exec. Law,
Article 15 (Executive Law § 292 et seq.)
(on behalf of Plaintiff and New York subclass)

70. Defendant incorporates its other responses to the corresponding allegations.

71. The allegations of Paragraph 71 consist of legal conclusions necessitating no response from the pleader.

72. The allegations of Paragraph 72 consist of legal conclusions necessitating no response from the pleader.

73. The allegations of Paragraph 73 consist of legal conclusions necessitating no response from the pleader.

74. Defendant denies the allegations of Paragraph 74 of the Complaint.

75. The allegations of Paragraph 75 consist of legal conclusions necessitating no response from the pleader.

76. The allegations of Paragraph 76 consist of legal conclusions necessitating no response from the pleader.

77. Defendant denies the allegations of Paragraph 77 of the Complaint.

78. Defendant denies the allegations of Paragraph 78 of the Complaint.

79. Defendant denies the allegations of Paragraph 79 of the Complaint.

80. Defendant denies the allegations of Paragraph 80 of the Complaint.

81. Defendant denies the allegations of Paragraph 81 of the Complaint.

82. Defendant denies the allegations of Paragraph 82 of the Complaint.

83. Defendant denies the allegations of Paragraph 83 of the Complaint.

84. Defendant admits that Plaintiff seeks the relief set forth in the Complaint, but denies that Plaintiff is entitled to the relief requested or any relief from Defendant whatsoever.

## THIRD CAUSE OF ACTION
Violation of New York State Civil Rights Law, NY CLS Civ R,
Article 4 (CLS Civ R § 40 et seq.)
(on behalf of Plaintiff and New York subclass)

85. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint, and therefore denies those allegations.

86. Defendant incorporates its other responses to the corresponding allegations.

87. The allegations of Paragraph 87 consist of legal conclusions necessitating no response from the pleader.

88. The allegations of Paragraph 88 consist of legal conclusions necessitating no response from the pleader.

89. The allegations of Paragraph 89 consist of legal conclusions necessitating no response from the pleader.

90. The allegations of Paragraph 90 consist of legal conclusions necessitating no response from the pleader.

91. Defendant denies the allegations of Paragraph 91 of the Complaint.

92. Defendant denies the allegations of Paragraph 92 of the Complaint.

93. The allegations of Paragraph 93 consist of legal conclusions necessitating no response from the pleader.

94. The allegations of Paragraph 94 consist of legal conclusions necessitating no response from the pleader.

95. Defendant denies the allegations of Paragraph 95 of the Complaint.

96. Defendant denies the allegations of Paragraph 96 of the Complaint.

97. Defendant denies the allegations of Paragraph 97 of the Complaint, and denies that Plaintiff is entitled to the relief requested or any relief from Defendant whatsoever.

**FOURTH CAUSE OF ACTION**
(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, et seq.)
(on behalf of Plaintiff and New York subclass)

98. Defendant incorporates its other responses to the corresponding allegations.

99. The allegations of Paragraph 99 consist of legal conclusions necessitating no response from the pleader.

100. The allegations of Paragraph 100 consist of legal conclusions necessitating no response from the pleader.

101. The allegations of Paragraph 101 consist of legal conclusions necessitating no response from the pleader.

102. Defendant denies the allegations of Paragraph 102 of the Complaint.

103. Defendant denies the allegations of Paragraph 103 of the Complaint.

104. Defendant denies the allegations of Paragraph 104 of the Complaint.

105. Defendant denies the allegations of Paragraph 105 of the Complaint.

106. Defendant denies the allegations of Paragraph 106 of the Complaint.

107. Defendant denies the allegations of Paragraph 107 of the Complaint.

108. Defendant denies the allegations of Paragraph 108 of the Complaint.

109. Defendant admits that Plaintiff seeks the relief set forth in the Complaint, but denies that Plaintiff is entitled to the relief requested or any relief from Defendant whatsoever.

**FIFTH CAUSE OF ACTION**
(Declaratory Relief)
(on behalf of Plaintiff and the Class)

110. Defendant incorporates its other responses to the corresponding allegations.

111.  Defendant denies the allegations of Paragraph 111 of the Complaint.

112.  Defendant denies the allegations of Paragraph 112 of the Complaint.

## PRAYER FOR RELIEF

To the extent the "WHEREFORE" clause following Paragraph 112 requires a response, Defendant admits that Plaintiff seeks the relief set forth in the Complaint, but denies that Plaintiff is entitled to the relief requested or any relief from Defendant whatsoever, including the relief set forth in Paragraphs 113-120 of the Complaint.

113.  Defendant denies the allegations of Paragraph 113 of the Complaint.

114.  Defendant denies the allegations of Paragraph 114 of the Complaint.

115.  Defendant denies the allegations of Paragraph 115 of the Complaint.

116.  Defendant denies the allegations of Paragraph 116 of the Complaint.

117.  Defendant denies the allegations of Paragraph 117 of the Complaint.

118.  Defendant denies the allegations of Paragraph 118 of the Complaint.

119.  Defendant denies the allegations of Paragraph 119 of the Complaint.

120.  Defendant denies the allegations of Paragraph 120 of the Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1.  Plaintiff fails to state a claim upon which relief may be granted under Title III of the Americans with Disabilities Act ("ADA"), including to the extent that Plaintiff's Complaint seeks accommodations exceeding the requirements set forth in the Title III regulations, 28 C.F.R. Part 36, Subpart D, and the ADA Accessibility Guidelines, 36 C.F.R. Part 1191, Apps. B and D, and to the extent that any accommodations required already exist.

2. Plaintiff fails to state a claim upon which relief may be granted under New York State Executive Law § 296.

3. Plaintiff fails to state a claim upon which relief may be granted under New York State Civil Rights Law § 40.

4. Plaintiff fails to state a claim upon which relief may be granted under New York City Administrative Code § 8-107.

5. Plaintiff has not incurred any actual damages or injury.

6. Plaintiff has failed to mitigate his damages, to the extent that any exist.

7. No act by Defendant either proximately caused or contributed to any injuries or damages alleged by Plaintiff, including to members of the putative class, the existence of which is expressly denied.

8. Plaintiff lacks standing to bring this suit, in whole or in part, and thus, the Complaint should be dismissed.

9. This case is moot because there is no actual case and controversy between Plaintiff and Defendant.

10. Defendants is not the correct party nor is it legally responsible for some, if not all, of the alleged violations in the Complaint to the extent that it is not an owner, operator, lessee, or lessor of a particular alleged place of public accommodation.

11. Any modifications and/or barrier removal Plaintiff has demanded are subject to the defense of "fundamental alteration."

12. Plaintiff has demanded modifications and/or barrier removal that would cause Defendant an undue burden.

13.     The modifications, barrier removals and/or other related requests demanded by Plaintiff either already exist or are not readily achievable.

14.     Plaintiff fails to satisfy the prerequisites for class certification and, therefore, lacks standing and cannot represent the interests of others.

15.     Plaintiff has not alleged sufficient facts to justify a class action.

16.     The Complaint is not proper for treatment as a class action because, among other reasons, (a) the putative class that Plaintiff purports to represent, the existence of which is expressly denied, lacks numerosity; (b) Plaintiff cannot establish commonality; (c) Plaintiff cannot establish typicality; and (d) Plaintiff and his counsel are inadequate representatives of the purported class.

17.     The Complaint fails to the extent it attempts to assert Rule 23 class-action claims because members of the putative class that Plaintiff purports to represent, the existence of which is expressly denied, lack ascertainability.

18.     The claims alleged in the Complaint on behalf of Plaintiff and the alleged class are barred, in whole or in part, because the Complaint is uncertain in that the purported class definition is ambiguous and conclusory.

19.     The types of claims alleged in the Complaint on behalf of Plaintiff and the alleged class, the existence of which Defendant expressly denies, are individualized and, accordingly, Plaintiff fails to satisfy the prerequisites for class certification under Federal Rule of Civil Procedure 23(a) and 23(b).

20.     The alleged claims are barred, in whole or in part, as a class action because a class action is not the superior method for adjudicating this dispute.

21. Certification of a class, based upon the facts and circumstances of this case, would be an unconstitutional denial of Defendant's right to due process under the Fourteenth Amendment to the United States Constitution.

22. The claims of Plaintiff and the alleged class members for injunctive and other equitable relief are barred because they will not suffer any irreparable injury if injunctive or other equitable relief is denied and/or because they have an adequate and complete remedy at law.

23. The claims of Plaintiff and the alleged class members for damages are barred because they are required to mitigate damages and losses, if any.

24. Defendant reserves the right to assert additional defenses and affirmative defenses and to amend its response as further facts are revealed through its investigation.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's case with prejudice, enter judgment against Plaintiff, and award Defendant its reasonable attorneys' fees and costs for having to defend this case.

Dated:  August 26, 2016

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/Douglas T. Schwarz*
Douglas T. Schwarz
 New York Bar No. 4222618
 E-Mail: *douglas.schwarz@morganlewis.com*
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, NY  10178-0060
Phone:  212.309.6000
Fax:  212.309.6001
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2016, a true and correct copy of the foregoing was sent via the ECF system to:

> LEE LITIGATION GROUP, PLLC
> C.K. Lee (CL 4086)
> Anne Seelig (AS 3976)
> 30 East 39th Street, Second Floor
> New York, NY 10016
> Tel.: 212-465-1188
> Fax: 212-465-1181
>
> *Attorneys for Plaintiff*

/s/Douglas T. Schwarz
Douglas T. Schwarz